**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**


| | | |
|---|---|---|
| United States of America, | ) | **CASE NO. 15 CR 390** |
| | ) | |
| Respondent, | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| vs. | ) | |
| | ) | |
| Steve J. Hamilton, | ) | |
| also known as Steve Hamilton, Jr., | ) | |
| | ) | |
| Petitioner. | ) | **Memorandum of Opinion and Order** |


### Introduction

This matter is before the Court upon Petitioner's Motion to Vacate, Set Aside, or Correct

Sentence under 28 U.S.C. § 2255 (Doc. 33) and Respondent's Motion to Dismiss (Doc. 35).  For

the following reasons, Petitioner's Motion to Vacate is DENIED.  Respondent's Motion to

Dismiss is GRANTED.

### Facts

On October 20, 2015, Petitioner was indicted for being a felon in possession of a firearm

in violation of 18 U.S.C. § 922(g)(1).  (Doc. 1-1).  Petitioner pleaded guilty to the charge against

him. (Doc. 13).  Under Guidelines Section 2K2.1, Petitioner's base offense level was set at 24

because he had previously sustained at least two felony convictions for crimes of violence.

(Doc. 15, PageID # 68, 77; Doc. 30 at 133-34).  On April 26, 2016, Petitioner was sentenced to 110 months imprisonment, to run consecutive to his sentence in the Lorain County Common Pleas Court Case No. 15CV092598.  (Doc. 17).

On October 10, 2018, Petitioner filed the § 2255 motion at issue here, arguing that the U.S. Sentencing Guidelines are unconstitutionally vague and that his prior domestic violence convictions should not, therefore, qualify as "crimes of violence" for the purposes of sentencing. On December 20, 2018, the Government moved to dismiss Petitioner's motion.  Petitioner did not file a response.

### Standard of Review

A federal prisoner may challenge a sentence if it "was imposed in violation of the Constitution or laws of the United States . . . or . . . the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack."  28 U.S.C. § 2255.  To prevail on a § 2255 motion, "the movant must allege as a basis for relief: (1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid."  *Mallett v. United States*, 334 F.3d 491, 497 (6th Cir. 2003).  The petitioner has the burden of "sustaining [his] contentions by a preponderance of the evidence."  *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006).

### Analysis

Respondent moves to dismiss Petitioner's motion because it is time-barred.  The Court agrees.  A one-year statute of limitations applies to Section 2255 motions.  The limitations period begins to run from the latest of:

(1) the date on which the judgment becomes final;

> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Here, Petitioner was sentenced on April 26, 2016. (Doc. 18). He appealed his sentence to the Sixth Circuit, but his appeal was voluntarily dismissed on October 13, 2016. (Doc. 31). Thus, the one-year statute of limitations began to run at that time. *See* 28 U.S.C. § 2255(f)(1); *Sanchez-Catellano v. U.S.,* 358 F.3d 424, 426 (6th Cir. 2004) ("As a general matter, convictions become final upon conclusion of direct review."). Petitioner, however, did not file his § 2255 motion until October 10, 2018. His motion is, therefore, time-barred.

Petitioner argues that in *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018), the Supreme Court newly recognized a right that was made retroactively applicable to cases on collateral review, resulting in a renewed one-year period of time to file his motion. The Court disagrees. At issue in *Dimaya* was a provision of the Immigration and Nationality Act, 8 U.S.C. § 1227(a)(2)(A)(iii) ("INA") which rendered deportable any alien convicted of an "aggravated felony" after entering the United States. Under that provision, an "aggravated felony" included a "crime of violence," as defined in 18 U.S.C. § 16(a) and (b). The Supreme Court in *Dimaya* held that § 16(b), as incorporated into the INA, suffered from the same flaws as the residual clause in the Armed Career Criminal Act that was invalidated on vagueness grounds by *Johnson v. United States,* 135

S. Ct. 2551 (2015). *Dimaya,* 138 S. Ct. at 1216. Here, however, Petitioner was not sentenced under the INA, and the record provides no support for his argument that *Dimaya* applies in any way to this case. (*See* Docs. 15, 30). As such, *Dimaya* does not operate to reset the one-year limitations period here.

Petitioner also argues that *Johnson* renders his sentence unconstitutional. The Court disagrees. In *Johnson*, the United States Supreme Court struck down the residual clause of the Armed Career Criminal Act's definition of a "violent felony" as void for vagueness. However, in *Beckles v. United States*, 137 S. Ct. 886 (2017), the Supreme Court held that the United States Sentencing Guidelines are not subject to a similar vagueness challenge under the Due Process Clause. Thus, *Johnson*'s vagueness holding does not apply to the Sentencing Guideline provision under which Petitioner was sentenced.

Because Petitioner's motion is time-barred and Petitioner has not shown that the one-year limitations period should be reset, Petitioner's motion is denied. Respondent's motion to dismiss is granted.

**<u>Conclusion</u>**

For the foregoing reasons, Petitioner's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (Doc. 33) is DENIED and Respondent's Motion to Dismiss (Doc. 35) is GRANTED. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

IT IS SO ORDERED.

/s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Court
Dated: 2/21/19                    Chief Judge